[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Michael Georgino appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
On March 23, 1997, while operating his automobile, the plaintiff failed to negotiate a corner and drove into a fire hydrant in front of the fire station in Windsor. The police officer who was dispatched to the scene smelled alcohol on the plaintiff's breath and noticed that he had urinated on himself. According to the officer's report, the plaintiff's speech was slurred and he had difficulty in finding and holding his license paperwork. The plaintiff also "was having a difficult time standing up and kept stumbling." The police officer administered three standard field sobriety tests, which the plaintiff was unable to complete. The officer then arrested the plaintiff on the charge of driving while under the influence of intoxicating CT Page 6234 liquor or drugs or both, pursuant to General Statutes § 14-227a.
After transporting the plaintiff to the police station, the officer requested the plaintiff to submit to breath tests conducted pursuant to § 14-227a(c) and § 14-227b. The plaintiff agreed and took the first breath test. The result showed a ratio of alcohol in the blood of .091%, less than the upper limit of .10%. According to his report, the officer then "decided to change from the breath test to the urine test due to (the plaintiff's) performance on the standard field sobriety tests and his accident." The plaintiff refused to submit to the urine test.
Following an administrative hearing conducted by the department of motor vehicles, the hearing officer determined that the plaintiff had refused to submit to the required testing and ordered the suspension of his license pursuant to § 14-227b. The hearing officer specifically found that the police officer was "justified in requesting the urine test under the provisions of § 14-227b(i)."
General Statutes § 14-227b(i) requires the suspension of the license of a motorist who refuses to submit to the second of the two tests required by § 14-227a(c)(5). The latter statute provides that following a first breath test, "an additional chemical test of the same type (must be) performed or, if requested by the police officer for reasonable cause, an additional chemical test of a different type (must be) performed to detect the presence of a drug or drugs other than or in addition to alcohol." (Emphasis added.)
The sole basis of the plaintiff's appeal is his contention that the police officer improperly changed the kind of test requested after the plaintiff had already submitted to the first breath test. Specifically, the plaintiff argues that the record fails to support the hearing officer's finding that the police officer had reasonable cause to change from the breath test to the urine test. Therefore, he claims, the plaintiff was entitled to refuse to submit to the urine test. The court disagrees.
The evidence in the record establishes that the plaintiff was virtually out of control at the time he was arrested. He had just driven his vehicle into a stationary object. He had urinated on himself. He was unable to deal with the task of handing over his license and registration papers. He could hardly stand up, much CT Page 6235 less perform the coordination tests administered by the police officer. When the breath test, which measures only alcohol in the blood, showed a level below intoxication, the police officer had a reasonable basis for requiring a different type of test, one that might detect the presence of some other drug to account for the plaintiff's extreme symptoms.
The excerpts from the legislative history of §14-227a(c)(5) cited by the parties in this case supports the conclusion of the court.
The appeal is dismissed.
Maloney, J.